**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAYFORD EUGENE TERRELL,

        Plaintiff,

vs.                                          Case No:  3:13-cv-74-J-MCR

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**MEMORANDUM OPINION AND ORDER[1]**

      This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

      Plaintiff protectively filed an application for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") on October 4, 2004, with an alleged onset date of August 17, 2004.  (Tr. 45, 357).  The Social Security Administration ("SSA") denied Plaintiff's claim initially on February 2, 2005 and upon reconsideration August 8, 2005.  (Tr. 45-51, 53-55).  Thereafter, several hearings were held before an Administrative Law Judge (the "ALJ") on February 15, 2007, October 24, 2007, and March 6, 2008 in Jacksonville, Florida.  (Tr. 346-50, 351-55, 356-406).  At the

---

    [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 9).

March 6, 2008 administrative hearing, Plaintiff amended his alleged onset of disability date to May 14, 2006. (Tr. 359). The ALJ issued a decision finding Plaintiff not disabled on April 7, 2008. (Tr. 11-22). Plaintiff requested review by the Appeals Council, which was denied on September 25, 2008. (Tr. 5-7).

In April 2008, while his request for review was pending before the Appeals Council, Plaintiff filed a subsequent claim for SSI. (Tr. 471-74). This claim was also denied initially on November 7, 2008 and upon reconsideration on July 30, 2009. (Tr. 446-456).

Plaintiff filed a Complaint with this Court appealing the ALJ's April 7, 2008 decision, however, upon motion of the Commissioner, the case was remanded on February 17, 2009. (Tr. 466-70). On May 5, 2009, the Appeals Council remanded the case with orders for the ALJ to consider specific medical evidence, as well as to associate Plaintiff's April 2008 claim together with the previous claims. (Tr. 462-63).

Accordingly, another hearing was held before the ALJ on December 15, 2009. (737-816). The ALJ issued an unfavorable decision on March 25, 2010. (Tr 416-34). Plaintiff requested review (Tr. 413-14), however, the Appeals Council denied said request on November 13, 2012. (Tr. 407-09). Plaintiff filed a Complaint with this Court on January 17, 2013 seeking review of the ALJ's final decision under 42 U.S.C. § 405(g). (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Basis of Claimed Disability

Plaintiff claims to have been disabled since May 14, 2006 due to sarcoidosis, spurs of the left knee, broken leg, borderline diabetes, high blood pressure, soft tissue tumors on bottom of left foot, and depression.  (Tr. 490).

### B.   Summary of Relevant Evidence Before the ALJ

Plaintiff was born May 14, 1956 and was 53 years of age when the ALJ issued the March 25, 2010 unfavorable decision.  (Tr. 431).  Plaintiff attended school through high school and had vocational training.  (Tr. 375-76).  Plaintiff had past relevant work experience as a sheet metal worker. (Tr. 376, 431).

As this appeal deals exclusively with Plaintiff's respiratory and sarcoidosis impairments, the Court will limit its discussion to the evidence relating to those issues. The following provides a brief summary of Plaintiff's relevant medical history.

The record contains medical evidence from Dr. Charles D. Scarborough, M.D., Plaintiff's treating physician, from July 2005 through December 2006.  (Tr. 280-302). During that time, Plaintiff did not complain of shortness of breath and Dr. Scarborough noted Plaintiff's lungs to be clear to auscultation.  (Tr. 280-302).

On June 21, 2007, during an orthopedic examination by Dr. Raul B. Zelaya, M.D., Plaintiff reported shortness of breath and chest congestion.  (Tr. 310). However, Plaintiff saw Dr. Scarborough on November 16, 2007, and again on January 23, 2008, and he did not complain of shortness of breath.  (Tr. 336-37).  Dr. Scarborough also observed Plaintiff's lungs were clear to auscultation.  (Tr. 336-37). On September 5,

2008, Plaintiff was seen at Ed Fraser Memorial Hospital for an injury resulting from a fall and was noted to have normal breathing and no respiratory distress. (Tr. 573-76).

On August 28, 2008, Plaintiff met with consultative examiner, Dr. Lily S. Rocha, M.D. (Tr. 728-29). Dr. Rocha noted Plaintiff reported "persistent SOB" and that he had been prescribed inhalers and a nebulizer. (Tr. 728). Dr. Rocha found Plaintiff suffered from sarcoidosis with flare ups of shortness of breath if Plaintiff failed to medicate. (Tr. 729). In October 2008, Plaintiff had a pulmonary function test performed at St. Vincent's hospital which revealed a normal spirometry and a "mild decrease in the DLCO." (Tr. 579). Plaintiff saw Dr. Scarborough on April 7, 2009 and May 5, 2009. (Tr. 607). Dr. Scarborough noted Plaintiff's lungs were clear to auscultation. (Tr. 607). Plaintiff did not complain of respiratory problems on either visit. (Tr. 607).

On June 30, 2009, Plaintiff was seen again by Dr. Rocha for another consultative examination. (Tr. 681-82). Dr. Rocha noted Plaintiff experienced shortness of breath during conversational speech and that evaluation of the lungs revealed some use of accessory respiratory muscles. (Tr. 682). Dr. Rocha opined Plaintiff suffered from sarcoidosis with flares ups of shortness of breath regardless of medication and that this "markedly diminished" Plaintiff's stamina. (Tr. 682).

Plaintiff was seen again by Dr. Scarborough on July 30, 2009 and failed to report any shortness of breath. (Tr. 733). Dr. Scarborough noted Plaintiff's lungs were clear to auscultation. (Tr. 733). Lastly, Plaintiff was seen by the Baker County Health Department on September 8, 2009 and did not report any shortness of breath. (Tr. 696).

## C.    Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(a)(4)(i).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(a)(4)(ii).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(f), 416.920(a)(4)(v).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 14, 2006, the alleged onset date.  (Tr. 422).  At the second step, the

ALJ found Plaintiff suffered from the following severe impairments: status-post lumbar laminectomy at L5-S1, status-post left tibular fracture, and sarcoidosis. (Tr. 422). At the third step, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or equaled any listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 423). Consequently the ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except, in an 8 hour work day, the claimant can lift 20 pounds occasionally and 10 pounds or less more frequently, sit for up to 6 hours, stand/walk for up to 6 hours and frequently use his extremities to operate foot, pedal and hand controls within the stated limits. The claimant can occasionally to frequently climb ramps and stairs but is restricted from climbing ropes, ladders or scaffolds. The claimant is further limited to occasional bending, stooping, kneeling, crouching and crawling. The claimant has no impediments with respect to his ability to reach in all directions, handle, hold, turn, grasp and manipulate objects either from a fine or gross dexterity standpoint within the above-stated weight limits. The claimant is not limited with respect to his ability to see, speak or hear and has no mental impairments which would otherwise reduce his occupational base. With respect to environmental limitations, the claimant should avoid work at unprotected heights and work involving proximity to concentrated exposure to atmospheric pollutants such as dust, smoke, fumes, chemicals and the like. In addition, the claimant should work in a temperature controlled work setting.

(Tr. 424). In reaching this determination, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of his alleged symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (Tr. 425).

At the fourth step, the ALJ determined Plaintiff could not perform his past relevant work as a sheet metal worker. (Tr. 431). Accordingly, the ALJ proceeded to the fifth step where, relying on the Medical-Vocational Guidelines (the "Grids"), 20

C.F.R. Part 404, Subpt. P, App. 2, and the testimony of a Vocational Expert ("VE"), he determined Plaintiff could perform other jobs existing in significant numbers in the national economy and therefore, was not disabled.  (Tr. 431-34).

## III.   ANALYSIS

### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837

(11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## B. Issue on Appeal

Plaintiff raises one issue in this appeal: that the ALJ failed to state with particularity the weight assigned to medical evidence. (Doc. 17). Specifically Plaintiff asserts the ALJ erred "when he failed to indicate with the proper specificity and articulation[,] the weight" he afforded to the opinions of Dr. Rocha.[2] (Doc. 17 at 6). The Commissioner responds, arguing the ALJ properly considered the report of Dr. Roca and the ALJ's decision is supported by substantial evidence. (Doc. 18 at 7).

The ALJ is required to consider all of the evidence, including medical opinions,[3] in the claimant's record when making a disability determination. See 20 C.F.R. §§ 416.920(a) & (b). In addition, the ALJ must state the weight afforded to the evidence considered. Ryan v. Heckler, 762 F.2d 939, 941-42 (11th Cir. 1985). Specifically, the judge "should state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence." Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990). Indeed, "[u]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (quoting Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979)). Although the ALJ is required to

---

[2] Although the ALJ refers to Dr. Choisser, the record indicates that Dr. Rocha examined Plaintiff and dictated the notes. (Tr. 681 - 82, 728 - 29).

[3] See 20 C.F.R. § 416.927(a)(2).

- 8 -

consider all of the evidence, he is not required to discuss all of the evidence presented, but rather must explain why "significant probative evidence has been rejected." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Plaintiff asserts that Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176 (11th Cir. 2011), is controlling and requires reversal of the Commissioner's decision because the ALJ failed to indicate a specific level of weight given to the reports of Dr. Rocha. (Doc 17, pp.5-7). In Winschel, the Eleventh Circuit held that "whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor." Roberts v. Comm'r of Soc. Sec., 6:10-cv-930-ORL-DAB, 2012 WL 85172, *4 (M.D. Fla. Jan. 11, 2012) (citing to Winschel, 631 F.3d at 1178-79, 20 CRF §§ 404.1527(a)(2), 416.927(a)(2), and Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987)). Accordingly, the court held: "when the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" Winschel, 631 F.3d at 1179 (citing Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)). Despite Plaintiff's contentions to the contrary, a review of the ALJ's decision in the instant case reveals that the ALJ did provide sufficient clarity regarding the grounds for his decision.

First, this is not a situation where the ALJ simply ignored the evidence from Dr. Rocha. Instead, the ALJ specifically discussed the two examinations as follows:

The claimant presented to Dr. William Choisser[4] for a consultative physical examination on August 28, 2008. . . . the claimant's lungs were found to be clear to auscultation with no wheezing or rales noted. . . . The claimant returned to Dr. Choisser for a second examination on June 30, 2009. Dr. Choisser's examination findings were essentially unchanged except examination of the lungs revealed some use of accessory respiratory muscles and shortness of breath was observed with conversational speech.

(Tr. 427). Further, the ALJ went on to state:

The claimant's lungs have routinely been found to be clear to auscultation by Dr. Scarborough. The Claimant has been prescribed inhalers and a nebulizer for shortness of breath (*see i.e.* Ex. C-14F) and pulmonary function testing performed in October 2008 showed a normal spirometry. While examination of the lungs in June 2009 revealed some use of accessory respiratory muscles and shortness of breath was observed with conversational speech, subsequent physical examinations of the lungs showed no abnormalities (Ex. C-15F).

(Tr. 430). Accordingly, while Plaintiff is correct that the ALJ did not specifically state the weight provided to Dr. Rocha's opinion that Plaintiff's SOB had worsened and that it would markedly diminish Plaintiff's stamina, it is clear he gave less weight to that opinion as it was not consistent with the subsequent examination by Dr. Scarborough on July 30, 2009, which revealed Plaintiff's lungs were clear and no abnormalities were observed.

Moreover, Plaintiff has not shown that Dr. Rocha's opinions are in conflict with the RFC established by the ALJ. Dr. Rocha did not translate her finding that Plaintiff's SOB would markedly diminish his stamina into any sort of limitation on Plaintiff's ability to stand, walk, or engage in any other work-related functions. Accordingly, there is no

---

[4] While the ALJ reports that Plaintiff was examined by Dr. Choisser, it is clear these are the reports by Dr. Rocha, who is a physician associated with the Choisser Medical Group. Plaintiff does not argue the ALJ's mistake is error and the undersigned does not find it to be.

evidence indicating that Dr. Rocha's finding regarding Plaintiff's stamina is at odds with the limitations imposed by the ALJ:  that Plaintiff lift no more than 20 pounds occasionally and 10 pounds or less more frequently; sit for up to 6 hours; stand/walk for up to 6 hours; frequently use his extremities to operate foot pedal and hand controls; occasionally to frequently climb ramps and stairs, but no climbing of ropes, ladders or scaffolds; only occasionally bend, stoop, kneel, crouch and crawl; avoid work at unprotected heights and work involving proximity to concentrated exposure to atmospheric pollutants such as dust, smoke, fumes, chemicals and the like; and work in a temperature controlled work setting.  See Richardson v. Astrue, No. 1:09-cv-323, 2010 WL 3908546, *8 n.7 (M.D. Ala. Sept. 30, 2010) (finding no error in ALJ disregarding physician's note that plaintiff's obesity would limit her stamina where doctor "did not translate this vague observation into a specific durational limitation on standing, walking, or sitting.").

Like the situation in Roberts, a case cited by Plaintiff, the ALJ "set forth the opinion" of Dr. Rocha, a consulting physician, "evaluated it in the context of the complete record, and set forth findings" with respect to Plaintiff's impairments "which are fully supported by substantial evidence," and therefore, "his conclusions will not be disturbed."  Roberts, 2012 WL 85172, at *5; see also Clarence Bros. v. Astrue, No. 6:11-cv-830, 2012 WL 3243232, at *7 (M.D. Fla. Aug. 8, 2012) (finding no error where ALJ failed to state weight assigned to doctor's opinion where ALJ specifically discussed the opinions and the opinions were not significant probative evidence).

## IV.    CONCLUSION

For the foregoing reasons, the undersigned finds the ALJ's decision is supported by substantial evidence.  Accordingly, the Clerk of the Court is directed to enter judgment **AFFIRMING** the Commissioner's decision and, thereafter, to close the file.

**DONE** and **ORDERED** in Jacksonville, Florida this __1st__ day of November, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record